IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLEN WATTS                                                                              PLAINTIFF

v.                                        Civil No. 2:25-CV-02106-TLB

ADMINISTRATIVE OFFICE OF THE                                                                DEFENDANTS
UNITED STATES COURTS,
UNITED STATES COURTS, and
PARTIES OTHER THAN THE
UNITED STATES COURTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen all Complaints in which a Plaintiff seeks to proceed IFP prior to service.

### I.   BACKGROUND

Plaintiff filed his Complaint on September 16, 2025,[1] alleging negligence and interference with the United States Courts pursuant to 18 U.S.C. § 1341. (ECF No. 2). Plaintiff provides the following summary of his case:

> On December 15, 2020, the Administrative Office of the United States Courts issued and subsequently mailed the letter marked Exhibit #1. That document contains clear negligence which includes confusing the amount Edward Allan Watts and Lindsay Lopez filed for in their administrative tort claims. The 12/15/20 document is also fraudulent in the sense it was an attempt to conceal

---

[1] The Court notes that the Plaintiff filed the exact same cause of action in *Watts v. Administrative Offices of the U.S. Courts, et al.*, Civil No. 2:25-CV-02107-TLB (W.D. Ark. Sept. 16, 2016). Dismissal has been recommended in said case for the same reasons contained herein.

1

> that the United States of America was time barred from responding to the administrative tort claims filed over six months prior to the letter's issuance. (18 USC § 1341). The plaintiff has sued repeatedly but faced interference from Parties Other than the United States Courts and dishonest rulings from the United States Courts.

(ECF No. 2 at 4).

Attached as Exhibit 1 is a letter from the Office of General Counsel for the Administrative Office of the United States Courts ("AO") dated December 15, 2020. (ECF No. 2-1). Said letter indicates that the AO denied Plaintiff's undated administrative tort claims for $2,358,948,645.10 and $2,358,944,645.11 arising from his litigation in federal court. It goes on to state:

> It is this agency's conclusion that, because your claims arise entirely from actions taken by court officials in the course of your litigation in federal court, the United States may assert absolute judicial immunity from liability. 28 U.S.C. § 2674. To the extent you allege violations of your constitutional rights, your claim is excluded from the coverage of the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(2). You have also failed to prove any negligent or wrongful action on the part of a judicial officer or employee that could give rise to federal tort liability under state law. 28 U.S.C. § 2672.

(*Id*.).

Since January 9, 2014, Plaintiff claims that he and Lindsay Lopez ("Lopez"), a non-party to this suit, have been "held in a coerced state without due process" by keeping them indigent and preventing them from sealing their criminal records and restoring Lopez's right to vote. (ECF No. 2, p. 4).

In an Affidavit, the Plaintiff details Lopez's purported mental disability and alleges that she came into his "life under false pretenses in the guise of a law enforcement task force," although she "does not believe that entirely." (ECF No. 3, p. 1). He avers that Chief Justice John Roberts has knowledge of this scheme. "At the risk of sounding paranoid," Plaintiff believes Lopez is being covertly controlled by outside actions and triggered into oppositional behaviors. (*Id*. at p.

2). As such, he contends Lopez is "unable to effectively act in court," will require the aid of the Attorney General of the United States and "a court appointed officer" to help manage her affairs and will "need to be in witness protection for at least two years." (*Id*.). He insists Lopez is owed $2,358,944,645.10, which he now seeks on her behalf in lieu of seeking his own damages that purportedly far exceed this number. (*Id.*). If successful, Plaintiff details how he plans to use the funds for Lopez's benefit if she signs "a document agreeing she will not use those funds" to attack him. (*Id*. at pp. 2-3).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is

discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

It is impossible to discern any specific cognizable claims in the Plaintiff's Complaint as he provides only vague and conclusory allegations of negligence, fraud, and interference perpetrated by the AO and the United States Courts in response to an administrative tort claim he filed against the United States Courts. (ECF No. 1-1). *See Du Bois v. Bd. of Regents of U. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) ("conclusory allegations and threadbare recitals of the elements of a cause of action" cannot state a plausible claim) (cleaned up); *Northwest Title and Escrow Corp. v. Edina Realty, Inc.*, Civ. No. 3-93-436, 1993 WL 593995, *1 (D. Minn. Dec. 11, 1993) (general allegations of conspiracy, without a statement of the facts constituting the conspiracy, its objects, and accomplishment are inadequate to state a cause of action; merely invoking buzz words will not suffice); *Martin*, 780 F.2d at 1337 (even a *pro se* plaintiff must still allege specific facts sufficient to support a claim). The allegations of Plaintiff's Complaint are sparse and unconnected. The Complaint is devoid of any specific factual allegations indicating actions or inactions taken by any specific court personnel or other parties, as well as how the facts relate to any of the statutes or law he has cited. There is also nothing in the Complaint to allow the Court to infer any cognizable claims.

Further, more than six months have passed since the mailing of the AO's denial letter. Tort claims against the United States "shall be forever barred" unless "action is begun within six months

of the date the agency's final denial was mailed. 28 U.S.C. § 2401(b). As such, Plaintiff's claim is also time barred.

## IV.  CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. It is further RECOMMENDED that Plaintiff's Motion to Proceed IFP be DISMISSED as MOOT. Finally, it is RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE